IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
BIN KANG et al.,                    :    CIVIL ACTION
                                    :    No. 14-4010
          Plaintiffs,               :
                                    :
     v.                             :
                                    :
CITY OF PHILADELPHIA et al.,        :
                                    :
          Defendants.               :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              August 13, 2015


          Pro se Plaintiff Yan Yan has filed suit against

Defendants, the Trustees of the University of Pennsylvania ("the

University"); Detective Leo Spaeder ("Spaeder"); the City of

Philadelphia; Timothy Dych ("Dych"); Ramin Sedehi ("Sedehi"),

former University of Pennsylvania Vice Dean of Finance and

Administration for the School of Arts and Sciences; and John

Keene ("Keene"), former University of Pennsylvania Ombudsman.

Plaintiff alleges (1) employment discrimination and retaliation

under Title VII, 42 U.S.C. § 2000e; the Age Discrimination in

Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.; and the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et

seq.; (2) violations of the Family and Medical Leave Act

("FMLA"), 29 U.S.C. § 2601 et seq.; and (3) constitutional

violations pursuant to 42 U.S.C. § 1983. Plaintiff has moved to

amend the Complaint and Defendants have moved to dismiss. For the following reasons, the Court will deny Plaintiff's motion to amend and grant Defendants' motions to dismiss.

## I.   BACKGROUND

The vast bulk of Plaintiff's allegations relate to her husband, Bin Kang. Am. Compl. 3, ECF No. 9. These claims were dismissed by the Court after receiving a letter from Kang requesting that he be dismissed as a party to the action. ECF Nos. 6, 10. As to those claims relating to Plaintiff, she alleges the following: "Yan was retaliated by UPenn since Yan's theft cases were never investigated since 2005. Yan heard that her lost properties are not hers to prevent Yan from investigation." Am. Compl. 3. Aside from an unexplained listing of case numbers, this forms the entire factual basis of Plaintiff's complaint.

Under the "Basis for Jurisdiction" section of the Amended Complaint, Plaintiff lists the following:

1.  Family and Medical Leave Act (FMLA)
2.  First, Fourteenth Amendment of United States Constitution[] and 42 U.S.C. § 1983
3.  Retali[a]tion pursuant [to] Title VII
4.  Discrimination based on race/national [] origin, gender, pursuant [to] Title VII
5.  Discrimination base[d] on age and disability

Am. Compl. 2. Other than what the Court has just quoted, Plaintiff does not set forth the basis for any of her claims or connect her allegations to any particular Defendant.

## II.  PROCEDURAL HISTORY

On June 28, 2014, Plaintiff filed a pro se application to proceed in forma pauperis in this action. ECF No. 1. This application was eventually granted, and the Clerk filed Plaintiff's initial Complaint on September 10, 2014. ECF Nos. 6, 7.[1] On October 2, 2014, Plaintiff filed an Amended Complaint, in which she added as defendants two employees from the University --Keene and Sehedi--and added claims under Title VII, the ADEA, and the ADA. ECF No. 9.

On January 12, 2015, the University and Spaeder filed a motion to dismiss. ECF No. 20. On the same day, the City of Philadelphia and Dych also filed a motion to dismiss. ECF No. 24. On January 26, 2015, Plaintiff filed a motion seeking an extension of time in which to respond. ECF No. 25. On February 6, 2015, the Court granted the City of Philadelphia and Dych's motion to dismiss, noting that all claims against these Defendants related to Plaintiff's husband, who was no longer part of the case. ECF No. 26. The Court also granted Plaintiff's

---

[1] As noted above, the Court previously dismissed all claims related to Plaintiff's husband, pursuant to his letter request. ECF Nos. 6, 10.

motion for an extension and ordered Plaintiff to respond to the remaining motion to dismiss by February 20, 2015. Id.

On February 20, 2015, rather than filing her response, Plaintiff filed a motion to amend the complaint, attaching a proposed Third Amended Complaint.[2] ECF No. 27. On March 24, 2015, Defendants Sedehi and Keene filed a motion to dismiss (ECF No. 33), to which Plaintiff has not responded. The motion to amend and pending motions to dismiss are now ripe for disposition.

## III. MOTION TO AMEND COMPLAINT

A.  Standard of Review

Under the Federal Rules of Civil Procedure:

A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive

---

[2]     Defendants have taken to referring to this document as the Third Amended Complaint, although if the Court granted leave to file it, it would technically be the Second Amended Complaint. On November 5, 2014, Plaintiff filed what purported to be a Second Amended Complaint in which she revised the Amended Complaint in order to more clearly state that Sedehi was a Defendant. However, Plaintiff had already amended her Complaint once as a matter of course, so she required the Court's leave to file another amended Complaint, Fed. R. Civ. P. 15(a)--something she never requested. In any event, the Court subsequently ordered the United States Marshal to effectuate service upon Sedehi, rendering the purported Second Amended Complaint moot. For continuity of reference, the Court refers to the complaint filed on February 20, 2015, as the Third Amended Complaint.

> pleading or 21 days after service of a motion under
> Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). All further amendments require the
other party's consent or the leave of the court, which it
"should freely give . . . when justice so requires." Rule
15(a)(2).[3]

A court has discretion to deny a request to amend "if
it is apparent from the record that (1) the moving party has
demonstrated undue delay, bad faith or dilatory motives, (2) the
amendment would be futile, or (3) the amendment would prejudice
the other party." Fraser v. Nationwide Mut. Ins. Co., 352 F.3d
107, 116 (3d Cir. 2003). "In determining whether a claim would
be futile, the district court applies the same standard of legal
sufficiency as [it] applies under Federal Rule of Civil
Procedure 12(b)(6)." Travelers Indem. Co. v. Dammann & Co., 594
F.3d 238, 243 (3d Cir. 2010) (internal citations, alterations,
and quotations omitted).

---

[3]     When a motion to amend is filed after the court-
ordered deadline for amendments has passed, the moving party
must first establish good cause for failing to comply with the
scheduling order. Rule 16(b)(4). However, due to the procedural
posture of this pro se action, the Court has not yet issued a
scheduling order. Therefore, the Court will not assess
Plaintiff's motion to amend under Rule 16.

B.   <u>Analysis</u>

In her motion to amend, Plaintiff offers no reasons under Rule 15 for why the proposed Third Amended Complaint has not been brought in bad faith or with undue delay, is not futile, and would not prejudice Defendants. Instead, Plaintiff apparently believes that she may still amend as a matter of course. Pl.'s Mot. Am. Compl. 1-2, ECF No. 27. As noted above, Plaintiff has already amended once as a matter of course under Rule 15(a). Plaintiff offers no explanation for why she did not respond to the Court's order requiring her to file a response to Defendants the University and Spaeder's motion to dismiss. Nor does she explain why she delayed filing the more robust Third Amended Complaint for almost eight months after filing the action, or why filing so late would not prejudice Defendants. Finally, Plaintiff does not alleviate the concern that the Third Amended Complaint, which largely reproduces claims Plaintiff has brought in other actions, is not simply another attempt by a serial filer to antagonize Defendants.[4]

For these reasons, the Court finds that Plaintiff has not shown that, under Rule 15, justice requires it to grant her leave to file the Third Amended Complaint. Therefore, the Court

---

[4]      Of the Third Amended Complaint's twelve claims, eight of them are either verbatim or very close copies of claims Plaintiff brought previously in Case No. 14-4218 before this Court.

will deny Plaintiff's motion to amend and will proceed to
analyze Defendants' motions to dismiss as they relate to the
operative Complaint--the Amended Complaint which Plaintiff filed
on October 2, 2014.

**IV.  MOTIONS TO DISMISS**

    A.  <u>Standard of Review</u>

      In considering a motion to dismiss for failure to
state a claim upon which relief can be granted under Rule
12(b)(6), the court must "accept as true all allegations in the
complaint and all reasonable inferences that can be drawn
therefrom, and view them in the light most favorable to the non-
moving party." <u>DeBenedictis v. Merrill Lynch & Co., Inc.</u>, 492
F.3d 209, 215 (3d Cir. 2007) (internal quotation marks omitted).
In order to withstand a motion to dismiss, a complaint's
"[f]actual allegations must be enough to raise a right to relief
above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550
U.S. 544, 555 & n.3 (2007). This "requires more than labels and
conclusions, and a formulaic recitation of the elements of a
cause of action will not do." <u>Id.</u> at 555 (citation omitted).

      The Third Circuit has interpreted <u>Twombly</u> as
emphasizing three principles. First, a plaintiff must provide "a
'showing' rather than a blanket assertion of an entitlement to
relief"--a showing being "some factual allegation in the
complaint." <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 232

(3d Cir. 2008). Second, the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[5] is rejected. Phillips, 515 F.3d at 232-33. Finally, the Twombly decision's plausibility requirement applies outside the narrow antitrust context.[6] Id. at 234. The Phillips court summarized that what Twombly requires is "not merely a short and plain statement, but instead . . . a statement 'showing that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)).

In further fleshing out the plausibility requirement, the Third Circuit has held that the pleadings must contain sufficient factual allegations so as to state a facially plausible claim for relief. See, e.g., Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). A claim possesses such plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference

---

[5]      In Conley, the Supreme Court had held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46 (emphasis added).

[6]      As the Phillips court noted, the plausibility requirement boils down to the following: "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." 515 F.3d at 234 (citations omitted) (quoting Twombly, 550 U.S. at 556).

that the defendant is liable for the misconduct alleged." Id.
(quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal
quotation marks omitted).

Although a plaintiff is entitled to all reasonable
inferences from the facts alleged, a plaintiff's legal
conclusions are not entitled to deference and the court is "not
bound to accept as true a legal conclusion couched as a factual
allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited
with approval in Twombly, 550 U.S. at 555). In deciding a Rule
12(b)(6) motion, the court is to limit its inquiry to the facts
alleged in the complaint and its attachments, matters of public
record, as well as undisputedly authentic documents if the
complainant's claims are based upon these documents. See Jordan
v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d
Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus.,
Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Even after Twombly, "[a] document filed pro se is to
be liberally construed, and a pro se complaint, however
inartfully pleaded, must be held to less stringent standards
than formal pleadings drafted by lawyers." Erickson v. Pardus,
551 U.S. 89, 94 (2007) (per curiam) (citation and internal
quotation marks omitted), granting cert. to 198 F. App'x 694
(10th Cir. 2006). Nevertheless, "pro se litigants still must
allege sufficient facts in their complaints to support a claim."

Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir.
2013). Moreover, the Third Circuit has held that "in forma
pauperis plaintiffs who file complaints subject to dismissal
under Rule 12(b)(6) should receive leave to amend unless
amendment would be inequitable or futile." Grayson v. Mayview
State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

    B.   Discussion

       1.  Title VII Claims

       Plaintiff claims that Defendants discriminated against
her on the basis of race, national origin, and gender, and that
Defendants retaliated against her, all in violation of Title
VII. However, Plaintiff has offered no factual allegations that
support her Title VII claims, other than these brief sentences:
"Yan was retaliated by UPenn since Yan's theft cases were never
investigated since 2005. Yan heard that her lost properties are
not hers to prevent Yan from investigation." Am. Compl. 3. Even
accepting this allegation as true for the purposes of the motion
to dismiss, there is nothing here that explains how this relates
to her Title VII claims. The only other reference to these
claims in the Amended Complaint is in the jurisdictional basis
section, which states: "Discrimination based on: race/national
[] origin, gender, pursuant to Title VII," and "Retaliation
pursuant [to] Title VII." Am. Compl. 2. Altogether, Plaintiff's

allegations amount to nothing more than the barest form of "labels and conclusions" that Twombly and Iqbal held are insufficient under the pleading standards of the Federal Rules of Civil Procedure. Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 678; Gelman, 583 F.3d at 190. Because Plaintiff's allegations cannot support a Title VII claim, and because Plaintiff's Title VII claims largely duplicate those she brought in a previous action against the University (see supra note 4), amendment would be futile and the Court will dismiss these claims with prejudice.[7] See Grayson, 293 F.3d at 114.

### 2.   ADEA Claim

Plaintiff claims that Defendants discriminated against her on the basis of her age, in violation of the ADEA. However, Plaintiff has offered no factual allegations at all that support such a claim. The Amended Complaint's only reference to an ADEA claim is in the jurisdictional basis section, which states: "Discrimination base[d] on age . . . ." Am. Compl. 2. Plaintiff has alleged mere "labels and conclusions" that are insufficient under Twombly and Iqbal. Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 678;

---

[7]     Moreover, none of the individual Defendants, as employees of the University, can be held liable under Title VII. Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1077-78 (3d Cir. 1996).

Gelman, 583 F.3d at 190. Because nothing in Plaintiff's complaint supports an ADEA claim, and because Plaintiff's ADEA claim largely duplicates one she brought in a previous action against the University (see supra note 4), amendment would be futile and the Court will dismiss this claim with prejudice.[8] See Grayson, 293 F.3d at 114.

       3.   ADA Claim

      Plaintiff claims that Defendants discriminated against her on the basis of a disability, in violation of the ADA. However, Plaintiff has offered no factual allegations at all that support such a claim. The Amended Complaint's only reference to an ADA claim is in the jurisdictional basis section, which states: "Discrimination base[d] on . . . disability." Am. Compl. 2. Plaintiff has alleged mere "labels and conclusions" that are insufficient under Twombly and Iqbal. Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 678; Gelman, 583 F.3d at 190. Because Plaintiff's allegations cannot support an ADA claim, and because Plaintiff's ADA claim duplicates one she brought in a previous action against the University (see supra note 4), amendment would be futile and the

---

[8]     Moreover, none of the individual Defendants, as employees of the University, can be held liable under the ADEA. Hill v. Borough of Kutztown, 455 F.3d 225, 246 n.29 (3d Cir. 2006).

Court will dismiss this claim with prejudice.[9] See Grayson, 293 F.3d at 114.

### 4.   FMLA Claim

Plaintiff claims that Defendants violated the FMLA in their dealings with her. However, Plaintiff has offered no factual allegations at all that support such a claim. The Amended Complaint's only reference to an FMLA claim is in the jurisdictional basis section, which states: "Family and Medical Leave Act (FMLA)." Am. Compl. 2. Plaintiff has alleged mere "labels and conclusions" that are insufficient under Twombly and Iqbal. Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 678; Gelman, 583 F.3d at 190. Because nothing in Plaintiff's allegations remotely relates to an FMLA claim, nor is any amendment likely to remedy this deficiency, the Court will dismiss this claim with prejudice. See Grayson, 293 F.3d at 114.

### 5.   § 1983 Claim

Plaintiff claims that Defendants violated her rights under the First and Fourteenth Amendments, and seeks relief under 42 U.S.C. § 1983. Again, Plaintiff offers only the following factual allegations: "Yan was retaliated by UPenn

---

[9]     Moreover, none of the individual Defendants, as employees of the University, can be held liable for damages under the ADA. Koslow v. Pennsylvania, 302 F.3d 161, 178 (3d Cir. 2002).

since Yan's theft cases were never investigated since 2005. Yan heard that her lost properties are not hers to prevent Yan from investigation." Am. Compl. 3. It is not clear how these brief sentences support Plaintiff's § 1983 claim. The only other reference to this claim in the Amended Complaint is in the jurisdictional basis section, which states: "First, Fourteenth Amendment of United States Constitution[] and 42 U.S.C. § 1983." Am. Compl. 2. Altogether, Plaintiff has alleged mere "labels and conclusions" that are insufficient under Twombly and Iqbal. Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 678; Gelman, 583 F.3d at 190. However, as Plaintiff does not appear to have raised this claim before against the University, the Court will dismiss the claim without prejudice and will grant her leave to amend.[10]

## V.  CONCLUSION

        For the reasons set forth above, the Court will deny Plaintiff's motion to amend the Complaint and grant Defendants'

---

[10]        It should be noted that a significant portion of Plaintiff's claims relating to "theft cases . . . since 2005," Am. Compl. 3, appear to be barred by Pennsylvania's two-year statute of limitations for personal injury claims. See Sameric Corp. of Del. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998) (noting that, in § 1983 actions, federal courts apply the relevant state's statute of limitations for personal injury); 42 P.S. § 5524 (providing that, in Pennsylvania, personal injury suits must be brought within two years after the incident).

motions to dismiss. Accordingly, the Court will dismiss with prejudice all claims except for Plaintiff's § 1983 claim, which the Court will dismiss without prejudice.[11] An appropriate order follows.

---

[11]     In their motion to dismiss, Defendants the University and Spaeder also seek revocation of Plaintiff's in forma pauperis status. Because the Court has granted Plaintiff leave to amend the Complaint as to her § 1983 claim, it declines to revoke Plaintiff's in forma pauperis status at this time.