IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BIN KANG et al., | : | CIVIL ACTION |
| | : | NO. 14-4010 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA et al., | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

**AND NOW**, this **13th** day of **August, 2015,** for the
reasons stated in the accompanying memorandum opinion, it is
hereby **ORDERED** as follows:

(1)  Plaintiff's motion to amend the Complaint (ECF No. 27)
is **DENIED;**

(2)  Defendants The Trustees of the University of
Pennsylvania and Detective Leo Spaeder's Motion to
Dismiss and Revoke Plaintiff's In Forma Pauperis
Status (ECF No. 20) is **GRANTED in part and DENIED in
part,** as follows:

a.  The Motion to Dismiss is **GRANTED;** and

b.  The Motion to Revoke Plaintiff's In Forma
Pauperis Status is **DENIED;**

(3)  Defendants Ramin Sedehi and John Keene's Motion to
Dismiss (ECF No. 33) is **GRANTED;**

(4)    Plaintiff's claims in the Amended Complaint (ECF No.
        9) under Title VII, the Age Discrimination in
        Employment Act, the Americans with Disabilities Act,
        and the Family and Medical Leave Act are **DISMISSED**
        **with prejudice,**

(5)    Plaintiff's claim in the Amended Complaint (ECF No. 9)
        under 42 U.S.C. § 1983 is **DISMISSED without prejudice,**
        and Plaintiff is granted leave to amend this claim
        only.[1]

        It is **FURTHER ORDERED** as follows:

(1)    Plaintiff's Motions [sic] to Reconsideration [sic] of
        Order Grant [sic] the Defendants City of
        Philadelphia's Motion to Dissmiss [sic] Complaint (ECF
        No. 28) is **DENIED;**[2]

---

[1]      In the event Plaintiff files another Amended Complaint
pursuant to this Order, Defendants need not answer or otherwise
respond until and unless the Court so orders.

[2]      "The purpose of a motion for reconsideration is to
correct manifest errors of law or fact or to present newly
discovered evidence." Max's Seafood Cafe ex rel. Lou-Ann, Inc.
v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco
Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). Further,
a party seeking reconsideration must show at least one of the
following: "(1) an intervening change in the controlling law;
(2) the availability of new evidence that was not available when
the court granted the motion for summary judgment; or (3) the
need to correct a clear error of law or fact or to prevent
manifest injustice." Id.

(2)   Plaintiff's Motions [sic] to Sanction for [sic]
      Defendnats [sic] Failure to Serve John Kenn [sic] and
      Ramin Sedhi [sic] (ECF No. 31) is **DENIED**;[3]

(3)   Plaintiff's Motions [sic] to Sanction for Defendanats'
      [sic] Violation of Subpoena (ECF No. 35) is **DENIED**;[4]
      and

---

        Plaintiff requests that the Court reconsider the
dismissal of all claims against Defendants City of Philadelphia
and Timothy Dych. The Court dismissed these Defendants because
"Plaintiff's claims against [them] related[d] solely to
allegations against Plaintiff's husband, who has been terminated
from the case at his request." ECF No. 26. In the instant motion
to reconsider, Plaintiff does not make a showing under any of
the Max's Seafood Cafe factors, but rather attempts to plead new
allegations that relate to her alone. Because this is an
insufficient ground on which to reconsider the order dismissing
these Defendants, the Court will deny Plaintiff's motion.

[3]      Plaintiff appears to contend that Defendants Sedehi
and Keene were not served and failed to defend against the
Complaint. However, as these Defendants have filed a motion to
dismiss, which the Court ruled on above, Plaintiff's concerns
are unfounded. Accordingly, the Court will deny the instant
motion.

[4]      Plaintiff argues that Defendants failed to respond to
her subpoenas. However, Plaintiff's request is premature, as
discovery has not commenced in this case. In the event Plaintiff
files an Amended Complaint that survives the motion to dismiss
stage, the Court will set discovery deadlines at that time and
handle all discovery disputes that may arise. Accordingly, the
Court will deny the instant motion.

(4)   Plaintiff's Motions [sic] to Sanction for Defendants

[sic] Retaliation (ECF No. 36) is **DENIED**.[5]

**And it is so ordered.**

**/s/ Eduardo C. Robreno**
**EDUARDO C. ROBRENO       J.**

---

[5]          In this motion, Plaintiff appears to be attempting to make additional allegations against Defendants. Because a motion for sanctions is an improper vehicle by which to amend the Complaint, the Court will deny this motion.